IRONBOUND TRANSPORTATION COMPANY, PROSECUTOR, *v.* BOARD OF PUBLIC UTILITY COMMISSIONERS ET AL., DEFENDANTS.

Argued October 8, 1930—Decided November 22, 1930.

Before Justices CAMPBELL and BODINE.

For the prosecutor, *James F. X. O'Brien.*

For the respondent, *William H. Speer.*

PER CURIAM.

The defendants, Public Service Co-ordinated Transport Company entered into a contract with the city of Newark for the removal of its tracks and overhead equipment on Walnut, Elm and Magazine streets, and the city agreed to the suspension of trolley service upon such streets and consented to the operation of buses on such streets and highways or over such other routes as might be determined and approved. At the same time the city of Newark gave consent to the Public Service Co-ordinated Transport Company to operate a bus line in substitution for such trolley service from High and Market streets via Market street, to Ferry, to Union, to Elm, to Pulaski, to Merchant, to Perry, to Magazine streets, to Avenue L, to Wilson avenue, returning by way of the same route to Market street, thence to Springfield avenue, to Thirteenth avenue, to High street, to Market street, subject to the approval of the public utility commissioners. This approval was, after hearing, obtained and it is this approval and the judgment of the board of public utility commissioners that is brought up by this writ for review.

Prosecutor's first attack thereon is that such board was without jurisdiction under chapter 52 (*Pamph. L.* 1928), to approve of any act or proposed act of the defendant, Public Service Co-ordinated Transport Company, other than the substitution of a bus route for the exact trolley route abandoned.

In this contention we do not concur for the reason that the statute in question, in our estimation, does not warrant and require, such a conclusion.

The second ground urged is that even if it is not to be considered strictly as a substitution there were no proofs

upon which the board could find and place its conclusion of necessity and convenience.

In this, also, we find ourselves unable to concur. There was abundant proof warranting this finding and, therefore, it will not be disturbed.

The final ground is that the Public Service Co-ordinated Transport Company breached the consent given by the city of Newark.

But this is a collateral atack upon the municipal consent. This prosecutor may not do. *Marathon Bus Line* v. *Public Utility Commissioners*, 8 *N. J. Mis. R.* 379.

Prosecutor also urges what he calls additional, minor, reasons:

(a) The breaking up of the Kinney line will cause a hardship and inconvenience to persons using that line who travel above High street; besides, the inconvenience of a change and the payment of two fares.

(b) Traffic on Market street between the Pennsylvania station and High street is more congested than any other thoroughfare in Newark.

(c) Strenuous objection to the proposed change by the school authorities of Newark.

All of these, however, are grounds that the board should have considered and undoubtedly did consider, under the question of public necessity, and convenience, and, as we have already indicated, we find the proofs upon that question sufficient and ample to justify the finding of the board thereon.

The writ will be dismissed, with costs.